SUE FAHAMI
Acting United States Attorney
District of Nevada
Nevada Bar No. 5634
REEM BLAIK
Assistant United States Attorney
Nevada Bar No. 16386
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6787
Reem.Blaik@usdoj.gov

*Attorneys for Federal Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Sonny Cuevas Solar, individually; Rogelio Macia Diaz, individually,<br><br>Plaintiffs,<br><br>v.<br><br>United States Postal Service; Does I through X, inclusive; and Roe Corporations I through X, inclusive,<br><br>Defendants. | Case No. 2:24-cv-01260-CDS-NJK<br><br>**Stipulation and Order to Modify Existing Scheduling Order**<br><br>**(First Request)** |

Pursuant to LR IA 6-1 and 6-2 of the Local Rules of Practice of the U.S. District Court for the District of Nevada, the United States of America, on behalf of the United States Postal Service ("Federal Defendant" or "Defendant"), and Plaintiffs Sonny Cuevas Solar and Rogelio Macia Diaz ("Plaintiffs") (collectively the "Parties") jointly agree, by and through their respective counsel of record, to stipulate and request that the Court extend discovery for forty-five (45) days. This is the Parties' first stipulation to extend time to take discovery. In support thereof, the Parties provide the following:

### I.  Conducted Discovery

1. On September 26, 2024, the Parties conducted a Rule 26(f) Conference.

2. On September 30, 2024, Federal Defendant requested internal funding for expert witness retention and independent medical examinations ("IMEs"). On this day,

1  Federal Defendant also sent HIPAA authorization forms to Plaintiffs, for use in issuing
2  subpoenas.
3          3.      On October 4, 2025, Federal Defendant requested Plaintiffs' availability for
4  IMEs. Federal Defendant followed up on this request and ultimately confirmed Plaintiffs'
5  IMEs.
6          4.      On October 15, 2024, the Parties filed a Discovery Plan and Scheduling Order
7  ("DPSO") (ECF No. 11), which the Court granted on October 16, 2024 (ECF No. 12).
8          5.      On October 16, 2024, Federal Defendant served its initial disclosures.
9          6.      On October 18, 2024, Plaintiffs served their initial disclosures.
10         7.      On November 19, 2024 and December 3, 2024, Federal Defendant issued
11 subpoenas to Plaintiffs' healthcare providers identified to date.
12         8.      On November 27, 2024, Plaintiffs served their first supplemental disclosures.
13         9.      On December 10, 2024, Plaintiffs issued written discovery to Federal
14 Defendant.
15         10.     On January 3, 2025, Federal Defendant issued written discovery to Plaintiffs.
16 On this day, Federal Defendant also sent Medicaid and Nevada Prescription Drug
17 Monitoring Program authorization forms to Plaintiffs, for use in issuing subpoenas/record
18 requests to said entities. Plaintiffs returned the forms on January 15, 2025, and Federal
19 Defendant issued the requests.
20         11.     On January 17, 2025, Federal Defendant conducted Plaintiffs' IMEs.
21         12.     On January 21, 2025, Federal Defendant served its first supplemental initial
22 disclosures.
23         13.     On January 30, 2025, Federal Defendant served responses to Plaintiff's
24 written discovery and its second supplemental disclosures. On this day, Plaintiffs also served
25 their second supplemental disclosures.
26         14.     On February 3, 2025, Plaintiffs served responses to Federal Defendant's
27 written discovery.
28 / / /

## II. Outstanding Discovery

1. On February 13, 2025, Plaintiffs and Federal Defendants' expert disclosures are due.

2. On February 18, 2025, Federal Defendant's IME report is due.

3. On February 21, 2025, Federal Defendant will depose Plaintiff Rogelio Macia Diaz.

4. On February 28, 2025, Federal Defendant will depose Plaintiff Sonny Cuevas Solar.

5. On March 11, 2025, Plaintiffs will depose TTO Driver Luis Martinez.

6. On March 13, 2025, Plaintiffs will depose Supervisor Michael J. Billings.

7. Despite Federal Defendant's best efforts concerning follow-up on subpoenas, approximately fourteen subpoenaed providers are pending complete production. The Parties require this information for expert disclosures. In addition, the Parties anticipate that written discovery responses and deposition testimony will identify additional witnesses and/or parties to subpoena and/or depose.

8. The Parties are also discussing the possibility of Plaintiffs dismissing their claim for negligent hiring, retention, and supervision pursuant to the Discretionary Function Exemption, to reduce unnecessary discovery issues and motion practice.

9. The Parties will continue to supplement their FRCP 26 disclosures as needed, in accordance with the rules.

## III. Good Cause Exists to Grant the Parties' First Request to Extend Discovery

Good cause exists to grant the Parties' first request to modify the DPSO. This case involves disputed damages, which requires opinions from medical experts based on fulsome discovery—which is ongoing, as detailed above. The Parties have been diligently working on discovery and moving this case forward, but require extra time to complete outstanding discovery. As such, the Parties agreed to extend discovery for forty-five (45) days.

///

### IV. Current and Proposed Discovery Schedules

The following table outlines the Parties' current discovery deadlines pursuant to the Court's Order Granting the Parties' DPSO (ECF No. 12), and the Parties' proposed extended discovery deadlines pursuant to this instant stipulation:

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Expert Disclosure(s) | February 13, 2025 | March 31, 2025 |
| Rebuttal Expert Report(s) | March 17, 2025 | May 1, 2025 |
| Discovery Cut Off | April 14, 2025 | May 29, 2025 |
| Dispositive Motions | May 14, 2025 | June 30, 2025 |
| Joint Pretrial Order | June 13, 2025[1] | July 28, 2025 |

### V. Conclusion

In sum, this instant stipulation is the Parties' first request for an extension of the discovery deadlines in this matter. The Parties have good cause to extend discovery because discovery delays were caused by external, unforeseen circumstances—including delays in third-party subpoena production.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] However, if dispositive motions are filed, the proposed joint pretrial order will be due thirty days after the rulings on such dispositive motions.

The Parties have conferred about this joint stipulation, and respectfully submit that the reasons set forth above constitute compelling reasons for their requested extension.

IT IS SO STIPULATED AND AGREED

Dated this 10th day of February 2025.

**SUE FAHAMI**
Acting United States Attorney

 /s/ Reem Blaik
REEM BLAIK
Assistant United States Attorney
Nevada Bar No. 16386
501 Las Vegas Blvd. South, Ste. 1100
Las Vegas, Nevada 89101

*Attorneys for Federal Defendant*

Dated this 10th day of February 2025.

**The702FIRM INJURY ATTORNEYS**

 /s/ Michael C. Kane
MICHAEL C. KANE
8335 W. Flamingo Road
Las Vegas, Nevada 89147

*Attorneys for Plaintiffs*

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: February 11, 2025